94 P.3d 1002 (2004)
STATE of Washington, Respondent,
v.
S.S. (d.o.b. 3/11/89), Appellant.
No. 52916-1-I.
Court of Appeals of Washington, Division 1.
July 26, 2004.
*1003 Dana M. Nelson, Nielsen Broman & Koch PLLC, Seattle, WA, for Appellant.
Carla B. Carlstrom, King Co Pros Office, Seattle, WA, for Respondent.
ELLINGTON, A.C.J.
A statute requires collection of a biological sample from convicted felons for purposes of DNA identification analysis. A cheek swab is a permissible method of obtaining the sample, and we affirm the order requiring S.S. to provide the sample.

DISCUSSION
S.S. was found guilty of second degree taking a motor vehicle without permission. At his disposition hearing, the court ordered him to provide a biological sample for DNA identification analysis. S.S. appeals this order.
He first contends the collection of the sample is an unlawful search in the absence of particularized suspicion and a warrant. We recently resolved this issue. In State v. Surge,[1] we considered whether the taking of biological samples for DNA analysis as required by RCW 43.43.754,[2] constitutes a search for which a warrant is required. We held that because the search serves a special need beyond normal law enforcement, no warrant is required.[3]
S.S. also contends that because his DNA sample was collected by a cheek swab,[4] and the only authorized means of collection is a blood sample, his DNA sample should be purged from the felon databank. S.S. relies entirely on WAC 446-75-060, which is the regulation enacted to implement the statute.[5] It provides:
Collection of biological sample for DNA databank  Procedures  Time frame. (1) The collection, preservation, and shipment of blood samples obtained from convicted felons pursuant to RCW 43.43.754 for the convicted felon databank program shall be in conformance with the "Protocol for the Collection of Biological Sample for the Convicted Felon DNA Program" as prepared by the Washington state patrol crime laboratory division.[6]
*1004 The next three subsections describe place and time requirements for obtaining biological samples. The last section of the regulation states:
(2) Results from DNA identifications made from blood samples obtained from convicted felons under RCW 43.43.754 shall be submitted to the chief of the Washington state patrol and entered into the Washington state patrol DNA databank.[7]
S.S. argues that the two references to blood samples in the regulation mean that "the only legal method of collecting DNA under RCW 43.43.754 is by drawing blood." Appellant's Brief at 13. We disagree.
Former RCW 43.43.754 (1994) was titled "DNA identification system  Sex offenders, blood analysis," and clearly specified that blood samples were to be drawn for DNA identification purposes. In 2002, the statute was amended specifically for the purpose of broadening the means of collecting DNA samples.[8] The term "blood sample" was replaced with the term "biological sample."[9]
The implementing regulation, WAC 446-75-060, was duly amended in 2003. Its title was changed from "Collection of blood for DNA databank  Procedures  Time Frame" to "Collection of biological sample for DNA databank  Procedures  Time Frame."[10] A "biological sample" is defined by the regulation as "a buccal swab (a swabbing of the inside of the mouth between the cheek and gum).... If there is a reason that a buccal swab cannot be obtained, a bloodstain collected by a finger stick may be taken."[11] Obviously the intent was to bring the regulation in line with the amended statute, and set forth procedures for cheek swabs.
As we have seen, the amended rule retains two references to "blood samples." S.S. contends these references must be read as requiring every sample to be a blood sample. If S.S. is correct, the references are artifacts, and are out of sync with the statute. But we reject this reading as contrary to the plain language of the regulation. The references to blood samples simply clarify that blood samples, when taken, are to be handled by the protocol for other biological samples. WAC 446-75-060 does not restrict the means of collection of samples for DNA analysis to blood draws.
Affirmed.
WE CONCUR: GROSSE, J., and COX, C.J.
NOTES
[1] 122 Wash.App. 448, 94 P.3d 345 (2004).
[2] RCW 43.43.754 provides: "Every adult or juvenile individual convicted of a felony, stalking under RCW 9A.46.110, harassment under RCW 9A.46.020, communicating with a minor for immoral purposes under RCW 9.68A.090, or adjudicated guilty of an equivalent juvenile offense must have a biological sample collected for purposes of DNA identification analysis."
[3] Surge, 122 Wash.App. 451-52, 94 P.3d at 347.
[4] The State contends that because the record does not establish that S.S.'s DNA was collected by cheek swab, this issue is not ripe for review. In State v. Surge, 122 Wash.App. 451-52, 94 P.3d at 347-48 (2004), the parties stipulated that cheek swabs are the preferred method for collecting DNA in King County. S.S. was adjudicated in King County. We thus presume S.S.'s DNA was collected by means of a cheek swab, and review the legality of this procedure.
[5] See RCW 43.43.759 ("The Washington state patrol shall... adopt rules to implement RCW 43.43.752 through 43.43.758.... The rules must ... identify appropriate sources and collection methods for biological samples needed for purposes of DNA identification analysis.").
[6] WAC 446-75-060(1) (emphasis added).
[7] WAC 446-75-060(2) (emphasis added).
[8] See S.B. REP., FINAL BILL REP. on S.H.B. 2468, 57th Leg., Reg. Sess. (Wash.2002) ("the method of collecting samples is no longer limited to drawing blood only").
[9] See supra note 2.
[10] (Emphasis added).
[11] WAC 446-75-010(4).